IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUIS GONZALEZ ALCORTA, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:23-CV-034-Z-BR |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Luis Gonzalez Alcorta, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-076-Z, reflects the following:

On August 27, 2020, Petitioner was named in a three-count indictment charging him in count one with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in count two with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and in count three with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (CR ECF 3). Petitioner entered a plea of not guilty. (CR ECF 14). On September 24, 2020, Petitioner was named in a six-count superseding indictment charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(C), in count two with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in count three with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), in count four with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in count five with being a convicted felon in possession of firearms, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2), and in count six with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (CR ECF 23). Petitioner entered into a written plea agreement pursuant to which he agreed to plead guilty to the offense charged by count one of the superseding indictment and the government agreed not to bring additional charges and to dismiss the remaining counts of the superseding indictment. (CR ECF 31). The plea agreement set forth that Petitioner faced a term of imprisonment of twenty years, that the sentence would be solely in the discretion of the Court, and that no guarantees or promises had been made by anyone as to what the sentence would be. (*Id.*). Petitioner and his counsel also signed a factual resume setting forth the elements of the offense alleged in count one of the superseding indictment and the stipulated facts establishing that Petitioner had committed the offense. (CR ECF 32).

On December 2, 2020, Petitioner appeared for rearraignment. (CR ECF 40). He testified under oath at the hearing that: he had read, understood, and discussed with his attorney the superseding indictment; he had read, understood, discussed with his attorney, and signed the plea agreement and factual resume; there were no other promises or agreements that had not been written down in the plea agreement; he understood that the maximum period of imprisonment was twenty years; he understood that the district judge would decide his sentence; he understood that his attorney could give an opinion but could not promise what his sentence would be; he

understood that he was waiving his right to appeal except in limited circumstances; he was guilty of the offense charged and everything in the factual resume was true and correct. (CR ECF 74).

The probation officer prepared the presentence report, which reflected that Petitioner's base offense level was 36. (CR ECF 47, ¶ 29). He received two-level enhancements for possession of firearms and importation from Mexico. (*Id.* ¶¶ 30, 31). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 37, 38). Based on a total offense level of 37 and a criminal history category of VI, Petitioner's guideline imprisonment range was 360 months to life. However, the statutorily-authorized maximum sentence was twenty years, so the guideline range became 240 months. (*Id.* ¶ 88).

The Court sentenced Petitioner to a term of imprisonment of 240 months. (CR ECF 58). The Court noted on the record at sentencing the considerable impact of the plea agreement, which limited the sentence to twenty years and allowed Petitioner to avoid a consecutive five-year sentence for the firearm offenses. (CR ECF 67 at 9–10). The Court explained the reasons for the sentence, noting that even had the guideline range not been correctly calculated, the same sentence would have been imposed. (*Id.* at 26). Petitioner appealed even though he had waived the right to do so. (CR ECF 62). His attorney filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit granted the motion to withdraw and dismissed the appeal, agreeing that there was no non-frivolous issue to be presented. *United States v. Alcorta*, No. 21-10410, 2022 WL 16632991 (5th Cir. Nov. 2, 2022).

## **GROUNDS OF THE MOTION**

Petitioner purports to urge four grounds in support of his motion, all based on alleged ineffective assistance of counsel. He says that his attorney failed (1) to enforce a purported sentencing promise, (2) to challenge the drug amounts attributed to him, (3) to object that he was

being sentenced based on untrue facts, and (4) to challenge the policy between ice and methamphetamine. (ECF 2; ECF 11).

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## **ANALYSIS**

In his first ground, Petitioner alleges that he received ineffective assistance because his attorney failed to enforce a purported promise made during a proffer meeting for five to seven years off Petitioner's sentence. (ECF 2 at 4; ECF 11-1 at 1). The proffer agreement reflects that if Petitioner signs a plea agreement, the proffer agreement will terminate. (ECF 2-1 at 3, ¶ 9). In addition: "No understandings, promises, or agreements have been entered into between the parties other than those contained in this agreement, and none will be entered into except by writing signed by all the parties." (*Id.*). Specifically, the proffer agreement was "not an immunity agreement, a plea agreement, or a cooperation agreement of any kind." (*Id.* ¶ 8). The plea agreement likewise

5

reflects that there were no sentencing promises or guarantees. (CR ECF 31, ¶ 11). The sentence was wholly within the Court's discretion. (*Id.* ¶ 5). In conclusion, the plea agreement provides:

> 14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

(*Id.* ¶ 14).

Petitioner does not allege that his plea was not knowing, voluntary, and informed. If that was his intent, he could not prevail in any event. Petitioner testified under oath that no promises or agreements outside those contained in the plea agreement had been made; no one had made any promises about what his sentence would be; he understood that no one could predict his sentence, which would be wholly within the discretion of the district judge. (CR ECF 74).

Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the

light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, Petitioner's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations or other failures. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In fact, he has made no attempt to make that showing.

In the remainder of Petitioner's grounds, he complains about counsel's performance with regard to the drugs for which he was held accountable. (ECF 2 at 5–8; ECF 2-1 at 11–14; ECF 11-1 at 2–3). As Respondent notes, the Court may consider estimates of the quantity of drugs for sentencing purposes. *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006). The Court may extrapolate from reliable information, including that found in the presentence report. *Id.* The Court is to consider all relevant conduct and as long as its findings are plausible in light of the record as a whole, they will not be set aside. *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). Petitioner has not shown that any of his objections would have had merit. Nor has he shown that his sentence would have been any different had objections been sustained. Again, as Respondent notes, even if 25 pounds of methamphetamine had been eliminated, the guideline range would still have been above the statutory maximum. (ECF 20 at 15). These grounds are without merit.

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Luis Gonzales Alcorta, be DENIED.

7

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED December 19, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).